Case 4:22-cv-01249 Document 113 Filed on 05/28/24 in TXSD Page 1 of 18

United States District Court
Southern District of Texas
**ENTERED**
May 28, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| WILHEMINA J. BEARY and RICHARD BEARY, § § § Plaintiffs, § § v. § § HARRIS COUNTY, et al., § § Defendants. § | Civil Action No. H-22-1249 |

## ORDER

Pending before this Court are Defendant Harris County's Motion to Dismiss and/or for Summary Judgment (Document No. 96), Defendant United States, Tran, and O'Bannion's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (Document No. 97), and Plaintiffs' Response to the Defendants' Motions to Dismiss and Request for Leave to Amend the Complaint (Document No. 107). Having considered the motions, submissions, and applicable law, the Court determines Harris County's motion should be partially granted and partially denied. The Court further determines that the United States motion should be granted and the Plaintiff's motion should be denied.

## I. BACKGROUND

This is a civil rights case arising out of a fatal police shooting. In the early morning of April 22, 2020, Joshua Johnson (the "Decedent"), a veteran of the United

States Navy, was shot and killed by Harris County Sheriff Deputy Tu Tran ("Tran"). Plaintiffs allege security footage from the neighborhood shows Tran following the Decedent, who appears to be unarmed, on foot before shooting him several times, then returning to his vehicle and driving away from the scene. Tran alleges the Decedent approached Tran's unmarked car with a weapon while Tran was conducting surveillance for a fugitive task force[1], and Tran reacted by shooting the Decedent at least twice in the chest. Body camera footage from another officer only captured the events following the shooting, not the events leading up to the shooting or the shooting itself. Tran was not wearing a body camera, nor was he in uniform, at the time of the shooting. The Decedent died at the scene from blood loss resulting from the gunshot wounds to his chest.

On April 20, 2022, the Decedent's parents, Plaintiffs Wilhemena Beary and Richard Beary (collectively, "Plaintiffs"), both individually and as personal representatives of the Decedent's estate, brought this action against Defendants Harris County ("Harris County"), Sheriff Ed Gonzalez ("Sheriff Gonzalez"), Tran, Deputy Shaun O'Bannion ("O'Bannion"), and Investigator Allen B. Beall ("Beall") asserting claims: (1) under the Texas Constitution, Article I, § 19 against Harris

---

[1] The Individual Defendants were assigned to the Gulf Coast Violent Offender Task Force which is a federal task force responsible for apprehending fugitives and is under the purview of The United States Marshals Service ("USMS").

County and Sheriff Gonzalez; (2) for excessive force claim under 42 U.S.C. § 1983 against Tran, Harris County, and Sheriff Gonzalez; (3) for equal protection violations under 42 U.S.C. § 1983 against Harris County, Sheriff Gonzalez, Tran, and O'Bannion; (4) failure to provide medical care and delaying medical care under 42 U.S.C. § 1983 against Tran and O'Bannion; (5) under *Monell* for deliberate indifference, failure to supervise, and ratification against Harris County; (6) civil conspiracy under 42 U.S.C. § 1985 against Sheriff Gonzalez, Tran, O'Bannion, and Beall; (7) for loss of consortium and interference with familial relationships under the First and Fourteenth Amendments against all the Defendants; and (8) for wrongful death under Tex. Civ. Prac. & Rem. Code § 71.0004(a) against Tran and O'Bannion.

On November 14, 2022, Plaintiffs amended their complaint for the second time after the Court granted leave to do so. On November 17, 2022, Harris County and Sheriff Gonzalez moved to dismiss the second amended complaint. All the Defendants besides Harris County, Tran, and O'Bannion have been terminated from this case. On January 10, 2024, the United States of America filed an emergency motion to quash the scheduled depositions of the Defendant sheriff deputies in this case. The government represented that The United States Marshals Service ("USMS") had determined the Defendants may have been acting within the course

and scope of a federal task force.[2] It was ultimately determined that Tran and O'Bannion ("Individual Defendants") were serving as Special Deputy United States Marshals ("spDUSM"). Accordingly, the United States of America ("United States") became a defendant in this case, and the United States Attorney's Office took over the representation of the Individual Defendants.

## II. STANDARD OF REVIEW

A.  *12(b)(1)*

Motions made pursuant to Federal Rule of Civil Procedure 12(c) are "designed to dispose of cases where the material facts are not in dispute, and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (citations and internal quotation marks omitted). "A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). Therefore, like a motion under Rule 12(b)(6), Rule 12(c) allows dismissal if a plaintiff fails to state a claim upon which relief may be granted. *Id.* Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.

---

[2] *Emergency Motion to Quash Defendant's Depositions*, Document No. 82 at 1.

8(a)(2). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' it demands more than 'labels and conclusions.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555).

In deciding a Rule 12(c) motion, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the [non-movant].' " *In re Katrina Canal Breeches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). As with a Rule 12(b)(6) motion, the Court is permitted to consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters which a court may take judicial notice." *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011). The motion "should be granted if there is no issue of material fact and if the pleadings show that the moving party is entitled to judgment as a matter of law." *Van Duzer v. U.S. Bank Nat'l Ass'n*, 995 F. Supp. 2d 673, 683 (S.D. Tex. 2014) (Lake, J.) (citing *Greenberg v. Gen. Mills Fun Grp., Inc.*, 478 F.2d 254, 256 (5th Cir. 1973)).

B.   *12(b)(6)*

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 8(a)(2), a pleading must

5

contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than . . . 'labels and conclusions.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555).

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.' " *In re Katrina Canal Breeches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.' " *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

C.   *12(c)*

Motions made pursuant to Federal Rule of Civil Procedure 12(c) are "designed to dispose of cases where the material facts are not in dispute, and a judgment on the merits can be rendered by looking to the substance of the pleadings

and any judicially noticed facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (citations and internal quotation marks omitted). "A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). Therefore, like a motion under Rule 12(b)(6), Rule 12(c) allows dismissal if a plaintiff fails to state a claim upon which relief may be granted. *Id.* Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' it demands more than 'labels and conclusions.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555).

In deciding a Rule 12(c) motion, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the [non-movant].' " *In re Katrina Canal Breeches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). As with a Rule 12(b)(6) motion, the Court is permitted to consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters which a court may take judicial notice." *Wolcott v. Sebelius*, 635 F.3d 757,

7

763 (5th Cir. 2011). The motion "should be granted if there is no issue of material fact and if the pleadings show that the moving party is entitled to judgment as a matter of law." *Van Duzer v. U.S. Bank Nat'l Ass'n*, 995 F. Supp. 2d 673, 683 (S.D. Tex. 2014) (Lake, J.) (citing *Greenberg v. Gen. Mills Fun Grp., Inc.*, 478 F.2d 254, 256 (5th Cir. 1973)).

### III. LAW & ANALYSIS

Harris County contends that because the Individual Defendants were spDUSMs and acting under the color of federal law rather than state law, any claim against Harris County must fail. The United States contends that this Court does not have jurisdiction over the Plaintiffs' claims arising from the Federal Tort Claims Act ("FTCA") because the Plaintiffs did not exhaust available administrative remedies. The Individual Defendants contend that the Plaintiff's claims fail because they may only be sued in their individual capacities under a *Bivens* action, and the Court does not recognize *Bivens* claims in the context of federally mandated task force members.[3] The Plaintiffs contend dismissal is improper, and in the alternative, a

---

[3] A plaintiff may maintain a claim against a federal employee accused of violating his federal constitutional rights by asserting what is generally referred to as a *Bivens* action. *Witherspoon v. White*, 111 F.3d 399, 400 n.1 (5th Cir. 1997) (citing *Stephenson v. Reno*, 28 F.3d 26, 26 n.1 (5th Cir. 1994)). A *Bivens* action, however, is available only against government officers in their individual capacities in order to deter future civil rights violations by such individuals. *Williamson v. U.S. Dept. of Agriculture*, 815 F.2d 368, 380 (5th Cir. 1987).

8

continuance for discovery should be granted, or they should be allowed to amend their complaint for the third time. The Court first addresses Harris County's motion.

A. *Harris County's Motion to Dismiss*

Harris County contends that now that it has been confirmed that the Individual Defendants were acting as spDUSM under the control of the USMS and the federal government, there is no actionable claim against it. Therefore, the Plaintiff's claims fail under Rule 12(b)(6) or 12(c).[4] the Plaintiffs contend that Harris County's motion is untimely and that there are questions of material facts that make dismissal inappropriate.

1. *Timeliness*

The plaintiffs contend that Harris County's motion is not timely, and Harris County did not have leave to file the motion. Harris County contends its motion is timely in the context of the disclosure by the United States that the Individual Defendants were indeed spDUSMs acting under federal law and control.

---

[4] The Court notes that Harris County alternatively seeks summary judgment contending the evidence is clear that Harris County was not acting under the color of state law. Based on the United States substitution in this case Harris County's contentions likely succeed. However, based on the Court's decision regarding Harris County's motion for judgment on the pleadings it need not reach the summary judgment argument.

9

On February 9, 2024, the United States certified that the Individual Defendants were spDUSMs serving on a federal task force.[5] On March 5, 2024, the Court accepted the certification that the Individual Defendants were spDUSMs and granted the United States substitution in this case.[6] The Court notes that the Plaintiffs did not file any responses or objections to the United States' various motions that allowed the United States to intervene, substitute, and certify the Individual Defendants as federal officers. *Smith v. Carvajal*, 558 F.Supp.3d 340, 347 (N.D. Tex. 2021) (Boyle, J.) (Holding that the plaintiff must provide specific facts to challenge the certification of federal authority at the time of the government motion to certify and substitute). On March 21, 2024, sixteen days after the United States certified the Individual Defendants' statuses, Harris County filed its motion to dismiss or for judgment on the pleadings. Harris County has no authority to certify that any individual is a federal agent. That authority lies solely with the United States. *See* 28 U.S.C. §2679, 28 C.F.R. §§15.3, 15.4, 50.15. Accordingly, Harris Count filed the instant motion to dismiss as soon as the United States officially certified that the Individual Defendants were operating under federal authority. Additionally, Harris County contend the Plaintiffs are not prejudiced by the motion

---

[5] *Supplement to Defendants' Opposed Motion to Substitute*, Document No. 93 at 1–4.

[6] *Court's Order*, Document No.95 at 1–4.

to dismiss because the Plaintiffs have asserted that the Individual Defendants were serving on a federal task force from the onset of this case.[7] Accordingly, the Court finds that Harris County's motion to dismiss is proper based on the Court's rulings regarding the United States substitution in this case. The Court now turns to the merits of Harris County's motion to dismiss.

*2. Merits of Harris County's Motion*

Harris County contends now that the United States has substituted and it is undisputed that the Individual Defendants were spDUSMs, there are no claims that can survive as a matter of law against Harris County. The plaintiffs contend there are still questions of material fact that should bar dismissal.

The Plaintiffs contend there is no evidence that the Individual Defendants were sworn federal officers. However, as noted above, the Plaintiffs have asserted that the Individual Defendants were federal task force officers from the beginning of this case.[8] Further, the Plaintiffs did not offer any opposition while the United States certified that the Individual Defendants were spDUSMs and moved to substitute in this case. The substitution was granted after the United States made

---

[7] *Plaintiff's Original* Complaint, Document No. 1 at 2 and *Plaintiff's Amended* Complaint, Document No. 19 at 2.

[8] The Court Notes the Plaintiffs contend they at no time referred to the officers as "federal" actors or acting under federal authority in their complaint. However, the Court notes that the Plaintiffs do acknowledge the officers were assigned to the Fugitive Task Force, which is under the purview of the USMS.

11

declarations that the Individual Defendants were indeed federal officers and after the Plaintiffs made no opposition or arguments against the certification. Accordingly, the Court is not persuaded that there is a remaining question of fact as to whether the Individual Defendants were spDUSMs.

Further, the Plaintiffs contend dismissal is improper because there could be evidence that the Individual Defendants had a dual role, i.e., both state and federal responsibilities.[9] The Plaintiffs use the *Luna* case for the proposition that the Individual Defendants could be found to have a dual role. *U.S. v. Luna*, 649 F.3d 91 (2011) (finding that an officer was still a federal officer even when he was assaulted while carrying out duties for his local police department employer). Harris County contends this case is distinguishable from *Luna* because this case involves the U.S. Attorney's certification of federal employment pursuant to 28 U.S.C. §2679 in the context of a civil claim.[10] Accordingly, there is no dispute in the instant case that the United States has certified that the Individual Defendants were federal officers performing duties with a federal task force. Federal courts around the country have generally held that officers cannot simultaneously act under state and federal law. See, e.g., *Guerrero v. Scarazzini*, 274 F. App'x 11, 12 n.1 (2d Cir. 2008); *Majors v.*

---

[9] *Plaintiff's Response to the Defendant United States Motion to Dismiss,[Dkt. 97] Defendant Harris County's Motion to Dismiss,[Dkt. 96] and Request for Leave to Amend the Complaint*, Document No. 107 at 25.

[10] *Defendant Harris County's Reply to Docket Entry 107*, Document No. 110 at 8.

*City of Clarksville*, 113 F. App'x 659, 659 (6th Cir. 2004); *Pike v. United States*, 868 F. Supp. 2d 667, 677-78 (M.D. Tenn. 2012) (Trauger, J.). Therefore, the Court finds that the Plaintiff's claims against Harris County fail as a matter of law now that the United States has been substituted as a party in this case.[11] Thus, Harris County's motion to dismiss should be granted. The Court now turns to the United States Motion to Dismiss.

B.  *The United States*

The United States contends this Court does not have jurisdiction over the Plaintiffs' tort claim because they have failed to exhaust their administrative remedies.[12] The Plaintiffs contend dismissal on jurisdictional grounds would be improper because there are factual questions to address.[13]

---

[11] The Court notes the Plaintiffs seek a continuance to conduct discovery on issues of facts related to the Individual Defendants' scope of federal authority. Harris County contends this is a question of law, not fact, and one that this Court has already decided and that the Plaintiffs did not oppose. *See Defendant Harris County Reply to Docket Entry* 107, Document No. 110 at 6. Accordingly, the Court finds that continuance is not necessary before ruling on the instant motions to dismiss.

[12] The Court notes that the Federal Tort Claim Act ("FTCA") is the appropriate cause of action when seeking damages from the federal government. *See In re Supreme Beef Processors, Inc.*, 468 F. 3d 248. 252 (5th Cir. 2006) (describing the FTCA as "an exclusive vehicle for the assertion of tort claims for damages against the federal government.").

[13] *Plaintiff's Response to the Defendant United States Motion to Dismiss, [Dkt. 97] Defendant Harris County's Motion to Dismiss, [Dkt. 96] and Request for Leave to Amend the Complaint*, Document No. 107 at 4–6.

"The United States is sovereign, and, as such, is immune from suit unless it has expressly waived such immunity and consented to be sued." *Hebert v. United States*, 438 F.3d 483, 487-88 (5th Cir. 2006). Congress passed the Federal Tort Claim Act ("FTCA") which waives sovereign immunity and consented to suit against the Government "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment[.]" 28 U.S.C. § 1346(b)(1); *see Life Partners Inc. v. United States*, 650 F.3d 1026, 1030-31 (5th Cir. 2011). However, in order to establish jurisdiction in federal court under the FTCA, plaintiffs must exhaust their administrative remedies, generally, by presenting their claim to the federal agency involved in the controversy. 28 U.S.C. § 2675(a); *see Life Partners*, 650 F.3d at 1029-30.

The Plaintiffs asserted from the start of their lawsuit that the Individual Defendants were on a federal task force. However, the Plaintiffs chose to sue Harris County and avoided suing the United States or notifying the USMS of their pending claims. Plaintiffs contend that there are questions of facts that should be decided before a jurisdictional decision is made. However, the Plaintiffs conceded from the start of their case that the Individual Defendants were on a federal task force and still chose not to notify the USMS of a pending claim or seek any administrative remedy. Additionally, as mentioned above, the Plaintiffs did not respond to or oppose the

14

United States' Motion while it was moving to certify the Individual Defendants' scope of authority and substitute in this case. The Plaintiffs also offered no argument or authority to oppose the fact that they must exhaust all administrative remedies before filing a claim against the United States. Accordingly, the Plaintiffs have not exhausted available administrative remedies as required to bring an FTCA claim. Therefore, the Court finds that it does not have jurisdiction over the FTCA claims against the United States. Thus, the United States motion to dismiss should be granted. The Court now turns to the Individual Defendants' motion to dismiss.

C. *The Individual Defendants*

The Individual Defendants contend that as federal officers, they may only be sued in their individual capacity under a *Bivens* action. The Individual Defendants further contend courts have held a *Bivens* action cannot be brought in the context of federal task force members and that the fact that alternative remedies exist should bar a *Bivens* action. The Plaintiffs contend a *Bivens* action may be brought in the instant circumstances.

*Bivens* claims generally are limited to the circumstances of the Supreme Court's trilogy of cases in this area: (1) manacling the plaintiff in front of his family in his home and strip-searching him in violation of the Fourth Amendment, *see Bivens*, 403 U.S. at 389–90; (2) discrimination on the basis of sex by a congressman against a staff person in violation of the Fifth Amendment, *see Davis v. Passman*,

15

442 U.S. 228 (1979); and (3) failure to provide medical attention to an asthmatic prisoner in federal custody in violation of the Eighth Amendment, *see Carlson v. Green*, 446 U.S. 14 (1980). *Oliva v. Nivar*, 973 F.3d 438, 442 (5th Cir. 2020). Generelly, all other fact patterns are considered a "new context" related to *Bivens*. *Ziglar v. Abbasi*, 582 U.S. 120, (2017) (holding judicial precedent urges caution before extending *Bivens* remedies into any new context and that a *Bivens* remedy will not be available if there are special factors counseling hesitation in the absence of affirmative action by Congress). While precedent does not fully define special factors, there are some recognized special factors, such as alternative administrative remedies being available to a plaintiff. *Egbert v. Boule*, 596 U.S. 482, 492 (2022). Because recognizing a *Bivens* cause of action is an extraordinary act that places great stress on the separation of powers, a court has a concomitant responsibility to evaluate any grounds that counsel against *Bivens* relief. *Id*

Here, the Individual Defendants contend that a *Bivens* action is improper because of alternative administrative remedies available to the Plaintiff. The USMS is a part of the Department of Justice and, as such, has a robust investigation and grievance process.[14] There are statutes in place that discuss the grievance process

---

[14] *Defendants United States, tran, and O'Bannion's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6)*, Document No, 97 at 14.

and investigation of alleged misconduct in the USMS.[15] Courts have held that these remedies are appropriate and adequate alternatives for plaintiffs. *Logsdon v. U.S. Marshal Serv.*, 91 F.4th 1352, 1357-58 (10th Cir. 2024) (stating that it is not the judiciary's function to assess the adequacy of executive orders or legislative remedies in deterring constitutional violations that might be remedied through a *Bivens*-type suit.).[16] The Plaintiffs do not fully respond to the Individual Defendants' arguments regarding a *Bivens* claim and instead assert a theory of dual state and federal authority. As discussed above, court precedent forecloses on that theory. Accordingly, the Court finds the Plaintiffs have other available remedies through the USMS which forecloses on their *Bivens* action against the Individual Defendants. Therefore, the Court finds the Plaintiffs' claims against the Individual Defendants should be dismissed.[17]

---

[15] "The Director of the USMS shall supervise and direct the [USMS]," *see* 28 U.S.C. § 561(g), including by investigating "alleged improper conduct on the part of [USMS] personnel," 28 C.F.R. § 0.111(n).

[16] The Court also notes that the Individual Defendants contend that other courts have not extended *Bivens* actions to cover officers in the context of fugitive task force members. *See Logsdon v. U.S. Marshal Serv.*, 91 F.4th 1352, 1357-58 (10th Cir. 2024) (holding that extending *Bivens* to a fugitive task force members would potentially hinder their duties). Accordingly, extending *Bivens* to the Individual Defendant is not proper in this instance.

[17] The Court notes that the Plaintiffs contend in their response they should be granted leave to amend their complaint. The Defendants contend allowing the Plaintiffs to amend their complaint would be futile. Based on the Court's forgoing analysis, the Court finds that an amended complaint would not cure the jurisdiction and legal defects which make dismissal appropriate.

## IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Defendant Harris County's Motion to Dismiss and/or for Summary Judgment (Document No. 96) is **PARTIALLY GRANTED** and **PARTIALLY DENIED**. The motion is Granted as to the motion to dismiss and denied as to the motion for summary judgment. The Court further

**ORDERS** Defendant United States, Tran, and O'Bannion's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (Document No. 97) is **GRANTED.** The Court further

**ORDERS** that Plaintiffs' Response to the Defendants' Motions to Dismiss and Request for Leave to Amend the Complaint (Document No. 107) is **DENIED.**

**THIS IS A FINAL JUDGMENT.**

SIGNED at Houston, Texas, on this **28** day of May, 2024.

DAVID HITTNER
United States District Judge